Filed 12/18/14  P. v. Morrison CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C071790 |
| v. | (Super. Ct. No. LF012360A) |
| TROY LORAY MORRISON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Troy Loray Morrison asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

BACKGROUND

On December 19, 2010, California Highway Patrol Officer Michael Walling was patrolling a section of freeway in San Joaquin County when he saw defendant, driving a pick-up truck, weaving from lane to lane and up onto the shoulder.  Officer Walling initiated a traffic stop and defendant nearly crashed his vehicle as he was exiting the freeway.

1

Officer Walling approached defendant and asked to see his driver's license. Defendant told Walling he did not have a driver's license. Walling noticed defendant's eyes were red and watery, his speech slurred, and the smell of alcohol was emanating from inside the truck. At Walling's request, defendant stepped out of the truck; defendant admitted to drinking a bottle of wine. Defendant was arrested and subsequently charged with driving under the influence (Veh. Code, § 23152, subd. (a)),[1] driving with a blood-alcohol level of 0.08 percent or higher (§ 23152, subd. (b)), and driving with a license that was currently suspended for driving under the influence (§ 14601.2, subd. (a)). It was further alleged defendant had three prior convictions for driving under the influence. (§ 23550.)

Defendant moved to suppress evidence obtained at the December 19, 2010, traffic stop. The trial court denied his motion. Defendant also filed a pretrial discovery request pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531. The trial court granted the request in part.

Defendant then moved to strike the allegation that in September 2001 in Santa Clara County case No. C108803, he was convicted of driving with a blood-alcohol content at or exceeding 0.08 percent. (§ 23152, subd. (b).) He argued his September 2001 conviction was constitutionally invalid because he had not been advised of all his constitutional rights before entering into the plea that led to his conviction. Specifically, defendant argued he was never advised he could challenge his 1996 conviction for driving under the influence, which was alleged in the Santa Clara County case as a sentencing enhancement.

At the initial hearing on defendant's motion to strike, the People presented a certified copy of the misdemeanor complaint in Santa Clara County case No. 0108803, along with a rights waiver and plea form. The trial court admitted those documents into

---

**1**      Undesignated statutory references are to the Vehicle Code.

evidence and found the People met their burden of establishing the prior conviction. The court then advised defendant the burden was his to prove by a preponderance of the evidence the conviction was constitutionally invalid.

In support of his claim, defendant noted on the September 25, 2001, plea form, he did not initial the box indicating he had been advised of his right to challenge the 1996 conviction alleged as a sentencing enhancement; nor did he waive that right. Defendant also submitted a declaration saying he was never advised he had the right to challenge the allegation of a prior conviction, and had he been so advised, he would not have entered into the plea. In response, the People argued the minute order, signed by the clerk, was sufficient to show, in fact, defendant was advised of all his rights.

The trial court then advised defendant that, according to section 41403, subdivision (b), to meet his burden, defendant was required to produce " 'transcripts of the relevant court proceedings at the time of the entry of the defendant's plea,' " and defendant failed to do so. If there was no transcript from the relevant plea hearing, the court told defendant he needed to produce a declaration from someone at the Santa Clara County Superior Court saying there was no reporter's transcript available. The court also noted the "DUI advisement of rights of waiver plea form" was signed by defendant and his attorney a month before the plea hearing. This caused the court some concern: "That suggests to me there may have been more said at that hearing than what was in the form."

The trial court also raised the issue of laches. The court noted defendant never challenged the validity of his September 2001 conviction, although it was twice alleged as a prior conviction for driving under the influence and defendant twice admitted to it. The court ruled defendant failed to meet his burden. After further argument from counsel, the trial court set a briefing schedule to allow defendant and the People to address the issue of laches, and to give defendant and the People an opportunity to present further evidence.

3

Defendant subsequently filed a letter from Bonita Ann Jessup, a retired court reporter with the Santa Clara County Superior Court, in which Jessup made the following statement: "I am returning your request for a reporter's transcript regarding the above case on September 25, 2001. All court notes are destroyed after 10 years except for death penalty cases. You might check with the Clerk's Office to see if they still have their file. My understanding is before they destroy a file, the whole file is copied onto micro fiche. That would have the court docket and snap-outs from each court appearance."

The People filed a certified copy of the docket and minutes from defendant's plea hearing in Alameda County in March 2007. The minutes reflect that, at that hearing, defendant was fully advised of his constitutional rights, pled no contest to violating section 23152, subdivision (a), and admitted his 2001 conviction in Santa Clara County for violating section 23152, subdivision (b).

The People also filed certified copies of documents related to defendant's conviction for violating section 23152, subdivision (b), in San Joaquin County in 2008. Included in those documents were defendant's written plea agreement, the minutes and minute orders from the entry of defendant's plea and sentencing, as well as the complaint filed in that matter. Those records indicate defendant was fully advised of his constitutional rights prior to entering his plea. The records also indicate that, as part of his plea agreement, defendant admitted to two prior convictions for driving under the influence: (1) the 2001 conviction in Santa Clara County and (2) the 2007 conviction in San Joaquin County.

Defendant then submitted a declaration from Jessup stating all court notes are destroyed after 10 years and she had no record or transcript of the plea. Defendant also submitted the declaration of his counsel, who said his staff went to the criminal division records department of Santa Clara County Superior Court and reviewed the file related to defendant's 2001 plea. Counsel's staff informed him there were no transcripts of the plea hearing in the file.

Following submission of the evidence and argument of counsel, the trial court denied defendant's motion to strike the prior conviction. Defendant then pled no contest to driving with a blood alcohol level at or above .08 percent. The trial court dismissed the remaining charges and granted defendant five years' formal probation.

Defendant appeals. His request for a certificate of probable cause was granted.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. On May 21, 2013, defendant filed a supplemental brief with this court.

In his supplemental brief, defendant contends the trial court erred in denying his motion to strike the allegation of a prior conviction because his 2001 conviction for driving under the influence was constitutionally infirm. Regardless of whether defendant's claim has merit, it is barred by collateral estoppel.

Collateral estoppel bars relitigation of an issue previously decided " 'if (1) the issue necessarily decided at the previous trial is identical to the one which is sought to be relitigated; if (2) the previous trial resulted in a final judgment on the merits; and if (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior trial.' [Citation.]" (*People v. Lawley* (2002) 27 Cal.4th 102, 163; *People v. Scott* (2000) 85 Cal.App.4th 905, 919.)

Following defendant's conviction in 2001, defendant twice admitted to that conviction: first in 2007, and again in 2008. In neither of those instances did defendant challenge the constitutionality of his 2001 conviction. The record on appeal establishes that in 2007 and in 2008, defendant was represented by counsel at the time of his plea, was advised of all his rights, and personally waived them. Thus defendant has twice

5

already admitted the validity of his 2001 conviction, those judgments are final, and defendant was a party in the prior actions.  Under these circumstances, defendant is precluded from now challenging the constitutional validity of his 2001 conviction.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                                            HOCH     , J.


We concur:


      MAURO     , Acting P. J.


      DUARTE     , J.